UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LLOYD'S ACCEPTANCE CORP., d/b/a )
LLOYD'S DEVELOPMENT COMPANY, )
 )
        Plaintiff, )
 )
   v. ) No. 4:05 CV 1934 DDN
 )
AFFILIATED FM INSURANCE COMPANY, )
 )
        Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the court on the motion of defendant to dismiss Count IV (Doc. 33), and the motion of plaintiff to voluntarily dismiss Count II of its complaint without prejudice (Doc. 36). The parties have consented to the authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 14.)

**Background**

Plaintiff Lloyd's Acceptance Corp. brought this action in the Circuit Court of the City of St. Louis, and defendant Affiliated FM Insurance Company removed the action based on diversity of citizenship jurisdiction. Defendant is a citizen of Rhode Island, plaintiff is a citizen of California, and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332.

Plaintiff has since filed two amended complaints. The second amended complaint alleges that defendant breached an insurance policy contract, Policy No. TY354. Plaintiff alleges that, pursuant to the insurance policy, defendant was to provide coverage for electrical, mechanical, or structural breakdown of equipment at the Jefferson Arms Apartments, which is owned by plaintiff. After elevators in the building broke down, plaintiff submitted a claim for the losses, but the claim was ultimately denied.

More specifically, plaintiff alleges that defendant breached the insurance policy contract (Count I), that defendant has vexatiously refused to pay the policy benefits in violation of Missouri Revised Statute § 375.296 (Count II), that defendant violated Missouri Revised

Statute 375.420 for vexatious refusal to pay (Count III), and that defendant made negligent misrepresentations that it would pay plaintiff when in fact it did not do so (Count IV).

Defendant has moved to dismiss Count IV of the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). Defendant argues that negligent misrepresentation is not a viable claim under Missouri law. Defendant argues that, under Missouri law, an insurer's denial of coverage is actionable only as a breach of contract, and not as negligence. It also argues that the claim was not pled with specificity as required by Federal Rule of Civil Procedure 9(b). (Doc. 34.)

Plaintiff argues that a tort claim can be brought concurrently with a vexatious refusal to pay claim. (Doc. 38.) It argues that the tort claim is based on defendant's separate conduct of negligently representing that it would pay, and that the claims are pled sufficiently in accordance with Rule 9(b).

Plaintiff also moved to voluntarily dismiss Count II without prejudice. Defendant has not opposed this motion.

## Discussion

### I. Voluntary Dismissal

Federal Rule of Civil Procedure 41(a)(2) states:

(a) Voluntary Dismissal: Effect Thereof. . . .

(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice. . . .

Fed. R. Civ. Pro. 41(a)(2). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987); Beuke v. Pharmacia & Upjohn Co., 2001 WL 34644300, at *1 (E.D. Mo. Apr. 27,

2001). The prejudice to the defendant should be more than purely economical; courts will generally grant dismissals if the only prejudice felt by the defendant is economical. Paulucci, 826 F.2d at 782. Whether the motion is granted is within the discretion of the trial court. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc., 187 F.3d 941, 950 (8th Cir. 1999). Because defendant has not opposed the motion, there is no evidence of prejudice, and the litigation is in its early stages, this court will grant plaintiff's motion to voluntarily dismiss Count II without prejudice.

## II. Defendant's motion to dismiss Count IV

When faced with a motion to dismiss under Rule 12(b)(6), the court must accept the allegations of the complaint as true and dismiss the case only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Casazza v. Kiser, 313 F.3d 414, 418 (8th Cir. 2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The court concludes that Count IV must be dismissed for failure to state a claim. Under Missouri law,[1] the party complaining of an insurer's refusal to pay a claim pursuant to an insurance policy can bring a common law claim for breach of contract, and, when appropriate, a statutory vexatious refusal to pay claim, but not a tort claim. The relevant general rule is that, "when an insurance company wrongfully refuses payment of a claim to its insured, the company has simply breached its contract." Overcast v. Billings Mut. Ins. Co., 11 S.W.3d 62, 67 (Mo. 2000) (en banc). "Damages for breach of contract are limited to the loss of the benefit itself." Id. "The damage amount

---

[1]This court will apply the Missouri choice of law rules when determining what state law to apply to this diversity case. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938); General Electric Capital Corp. v. Union Planters Bank, N.A., 409 F.3d 1049, 1053 (8th Cir. 2005) ("In diversity cases, we apply the substantive law of the state in which the district court sits."). Missouri courts would apply Missouri substantive law to a case involving insured property located in Missouri. Superior Equipment Co., Inc. v. Maryland Cas. Co., 986 S.W.2d 477, 480 (Mo. Ct. App. 1998) (location of insured risk most important in the significant relationship test).

should place the insured in the position he would have been in had the contract been performed." Id.; See Boten v. Brecklein, 452 S.W.2d 86 (Mo. 1970).

Under Missouri law, a vexatious refusal to pay claim is a supplement to a breach of contract claim, and may be brought in addition to a breach of contract claim when appropriate. Billings, 11 S.W.3d at 66. It compensates an insured for consequential damages, such as attorneys fees and interest associated with collection, when the insurance company refuses to pay "without reasonable cause or excuse." Id., at 67.

A party complaining of breach of contract cannot also bring a tort claim dependant on the same elements as the contract claim. "An insured cannot recast a contract claim as a . . . tort under Missouri law." Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 870 (8th Cir. 2002); see also Zumwalt v. Utilities Ins. Co., 228 S.W.2d 750, 756 (Mo. 1950) (refusal to pay under the policy terms is contractual). Attaching additional tort liability to a breach of contract claim is only allowed when an independent tort has been committed against the plaintiff. See Billings, 11 S.W.3d at 68. The independent tort alleged cannot be, "dependent on the elements of the contract claim." Id. at 67. Independent facts must form the basis for the tort claim to survive a motion to dismiss.

In the instant case, the alleged independent tort, negligent misrepresentation, is dependent on the elements of the breach of contract and vexatious refusal to pay causes of action. Plaintiff alleges that defendant's actions of representing that it would pay, and then not doing so, were distinct actions that were to its detriment in running its business. While plaintiff may have suffered detriment, this is not independent of the contract claim based upon the policy. Plaintiff has not alleged damages independent of the breach of contract. See Billings, 11 S.W.3d at 68 (defendant insurer could have defamed plaintiff even if it ultimately paid the claim; therefore, defamation was a distinct tort independent of the breach of contract claim). Therefore, the court will sustain defendant's motion to dismiss Count IV for failure to state a claim upon which relief can be granted.

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiff to voluntarily dismiss Count II without prejudice (Doc. 36) is sustained.

**IT IS FURTHER ORDERED** that the motion of defendant to dismiss Count IV (Doc. 33.) is sustained.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 19, 2006.