UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LLOYD'S ACCEPTANCE CORP., d/b/a LLOYD'S DEVELOPMENT CO., et al., )<br>)<br>  Plaintiffs, )<br>)<br>v. )<br>)<br>AFFILIATED FM INSURANCE COMPANY, )<br>et al., )<br>)<br>  Defendants. ) | No. 4:05 CV 1934 DDN |

**MEMORANDUM AND ORDER**

On July 25, 2012 the court heard oral arguments on the motion of defendant Affiliated FM Insurance Company for a protective order prohibiting plaintiffs from deposing its corporate official, Gerardo L. Alonso (Doc. 137).

Movant Affiliated FM argues that Mr. Alonso has no personal knowledge of the facts underlying plaintiffs' claims and that plaintiffs' conduct of other depositions was abusive and harassing. (Doc. 137.) Plaintiffs' claims include one for vexatious refusal to pay. Affiliated FM's motion is supported by Mr. Alonso's documentary declaration. (Doc. 138-17.) Mr. Alonso is currently Affiliated FM's "Senior Vice-President--Manager, Claims and Enterprise Learning;" he is "the top company official concerning claims handling;" he is responsible for the management of employees who adjust claims; and he oversees the training of employees worldwide. (Doc. 137 at ¶¶ 8-11.) The parties agree that during the processing of the claim, plaintiffs claim exceeded $900,000.00

Plaintiffs argue and the record reflects that during 2004 and 2005, when plaintiffs' claim was made to Affiliated FM, Mr. Alonso was Affiliated FM's "Western Division Claims Manager" (Doc. 137 at ¶ 12) and plaintiffs' claim was processed in Affiliated FM's Western Division. Mr. Alonso's declaration states at one point that he "was not personally involved in the handling of the subject claim." (Doc. 138-17 at ¶ 3.) At another point in his declaration he states, "It is likely that, at the time the claim was being handled, I would have been advised of the

existence of plaintiffs' claim, and the determination of coverage, but I would not have had a direct role in the adjustment, investigation, or coverage decisions made concerning the claim." (Id. at ¶4.)

Given Mr. Alonso's corporate position as Western Division Claims Manager when plaintiffs' nearly $1 million claim was being processed, the answers to questions during an oral deposition may provide the parties with information relevant to the plaintiffs' claims.

The court has also reviewed the other deposition portions referred to by movant Affiliated FM and does not find that the conduct of other depositions in the action was abusive or harassing. During the hearing the court offered to Affiliated FM the option of requesting that the deposition be conducted in the courtroom of the undersigned, so that if an objection is made to a question, the court can be called upon to promptly rule the objection.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of defendant Affiliated FM Insurance Company for a protective order (Doc. 137) is denied. Plaintiffs may depose Mr. Gerardo L. Alonso under the following conditions: Unless otherwise agreed by the parties,

- (a) the deposition shall be taken during one calendar day, of two three-hour sessions;
- (c) there shall be a ten-minute break midway through each three-hour session;
- (d) there shall be a break for lunch between the sessions;
- (e) each question shall be answered and there shall be no direction to the witness not to answer any question, except those questions objected to on the basis of privilege;
- (f) the parties shall state their objections directly to the court reporter and not to each other; and
- (g) no conference or colloquy shall occur between counsel except that which is intended to enhance the efficient progress of the deposition.

**IT IS FURTHER ORDERED** that any party may timely request that the court preside over the deposition of Mr. Alonso in the courtroom of the undersigned.

**IT IS FURTHER ORDERED** that the joint motion of plaintiffs Lloyd's Acceptance Corp. d/b/a Lloyd's Development Co. and Affordable Communities LP and defendant Travelers Insurance Company for an extension of time to complete discovery (Doc. 149) is sustained, in that:

(a) the parties shall complete discovery **no later than August 31, 2012**;

(b) the parties shall file any dispositive motions and expert opinion motions **no later than September 14, 2012**; and

(c) the hearing on dispositive and expert opinion motions is reset to **October 11, 2012 at 10:00 a.m.** in the courtroom of the undersigned.

**IT IS FURTHER ORDERED** that the parties shall confer and agree on the deadlines concerning the initial filing of such motions, the responses thereto, and reply memoranda.


      /S/    David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 27, 2012.