# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LLOYD'S ACCEPTANCE CORP. d/b/a LLOYD'S DEVELOPMENT COMPANY<br><br>and<br><br>AFFORDABLE COMMUNITIES, LP,<br><br>       Plaintiffs,<br><br>v.<br><br>AFFILIATED FM INSURANCE COMPANY,<br><br>and<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>       Defendants. | No. 4:05 CV 1934 DDN |

## MEMORANDUM AND ORDER

This action is before the court on the motions of defendants Affiliated FM Insurance Company and Travelers Property Casualty Company of America for reconsideration or to amend the court's September 12, 2013 Memorandum and Order Regarding Dispositive Matters (Doc. 315), or in the alternative for interlocutory appeal certification.  (Docs. 317, 327.)

## I. BACKGROUND

On August 25, 2005, plaintiffs Lloyd's Acceptance Corp. and Affordable Communities, LP, commenced this action against defendant Affiliated FM Insurance Company in the Circuit Court of the City of St. Louis.  (Doc. 1-3.)  On October 20, 2005, defendants removed the action to this court pursuant to 28 U.S.C. § 1441 on the basis of diversity of citizenship subject matter jurisdiction.  (Doc. 1.)  On December 13, 2006, the court stayed proceedings in this court pending the resolution of related proceedings in state court.  (Doc. 50.)  On September 15, 2010,

plaintiffs filed a third amended complaint and named Travelers Property Casualty Company of America as a defendant. (Doc. 73.) On March 22, 2011, the court lifted the stay. (Doc. 89.)

In their amended complaint, plaintiffs allege breach of contract and vexatious refusal to pay claims separately against defendants Affiliated FM and Travelers. (Doc. 73.) Plaintiffs seek actual damages in excess of $1,400,000, and pre-judgment and post-judgment interest. Plaintiffs also seek statutory damages, costs, and attorney fees under Missouri statutes. (Id.)

The parties filed motions for summary judgment, and the court issued a memorandum and order on September 12, 2013 denying defendant Affiliated FM's motions for summary judgment. (Doc. 315.) The memorandum and order also denied defendant Travelers motions for summary judgment. (Id.) On October 14, 2013, defendant Affiliated FM moved to amend the court's order to include certification for interlocutory appeal under 28 U.S.C. § 1292(b) or, in the alternative, for reconsideration. (Doc. 317.) On November 11, 2013, defendant Travelers moved for relief from the court's order and also for certification for interlocutory appeal under 28 U.S.C. § 1292(b). (Doc. 327.)

## II. MOTION OF DEFENDANT AFFILIATED FM

Affiliated FM seeks certification by this court for interlocutory appeal from the denial of summary judgment relief. For such interlocutory appeals, this court must certify that the issues presented "[(a) involve] a controlling question of law [(b)] as to which there is substantial ground for difference of opinion and [(c)] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994).

The first issue presented by defendant Affiliated FM is:

Whether this Court erred in holding that the Group II exclusions in Section E of the Policy (Excluded Perils) are categorically unavailable to Affiliated to exclude coverage for a loss that was caused, at least in part, by "breakdown of machinery of equipment" under the Policy because the Boiler and Machinery endorsement leaves all exclusions save for the two it deleted "unchanged"?

Defendant argues that the Boiler and Machinery Endorsement deleted from Group II only the No. 6 coverage exclusion, leaving the remaining 5 Group II exclusions viable. (Doc. 200-1 at 35-36; see Doc. 315 at 3-4, 9-10 for Group II, 6 language.) The court's earlier opinion does not abjure this argument. As stated in the court's opinion, plaintiff argued that any Group II exclusion applies "only where solely Group II categories cause the loss." (Doc. 315 at 9.) Rather, the issue presented by the application of the remaining Group II exclusions focuses on the different policy language in the introductions of the Group I and the Group II exclusions. The Group I introduction includes the sentence, "Loss or damage is excluded regardless of any other cause or event whether or not insured under this policy that contributes concurrently or in any sequence to the loss or damage." (Doc. 200-1 at 19.) The Group II introduction is substantially different. It does not include the Group I sentence just quoted. Rather, it states, "This policy does not insure against loss or damage caused by the following perils; however, if loss or damage not excluded results, then that resulting loss or damage is covered." (Id. at 22.)

This court applied Pace Properties, Inc. v. Am. Mfrs. Mut. Ins. Co., 918 S.W.2d 883, 886 (Mo. Ct. App. 1996), to plaintiffs' argument. This court concluded that the language difference in the introductions to the two groups of exclusions were like those in Pace. The Missouri Court of Appeals held that in such circumstances, the absence of "regardless of any other cause" "indicates the exclusions in in paragraph two only apply when they are the sole cause of the loss. It necessarily follows that if a covered cause of loss is *a* cause of loss, a paragraph two exclusion cannot apply." 918 S.W.3d at 886.

Defendant Affiliated FM argues that a substantial ground for difference of opinion exists because decisions of the Missouri Court of Appeals do not bind this court and because of an Eighth Circuit case interpreting similar insurance policy language. To determine the Missouri state law rules of decision, this court is bound by the decisions of the Missouri Supreme Court; in the absence of an applicable decision by that court, this court may, but is not required to, look to the decisions of the Missouri Court of Appeals to indicate how the Missouri Supreme Court might rule on the issue at hand. Owners Ins. Co. v. Hughes, 712 F.3d 392, 393 (8th Cir. 2013); Bockelman v. MCI Worldcom, Inc., 403 F.3d 528, 531 (8th Cir. 2005) ("Decisions from

Missouri's intermediate court (the Missouri Court of Appeals) are 'particularly relevant,' and must be followed when they are the best evidence of Missouri law") (internal quotation omitted).

However, Affiliated FM points to no flaw in the reasoning of Pace Properties, Inc. v. Am. Mfrs. Mut. Ins. Co., 918 S.W.2d 883 (Mo. Ct. App. 1996), the case upon which the court relied in the summary judgment opinion, nor does Affiliated FM argue that this court misinterpreted or misapplied Pace to the facts of the instant action. As stated above, decisions from the Missouri Court of Appeals are considered particularly persuasive regarding questions of Missouri law. Moreover, in Macheca Transp. v. Philadelphia Indem. Ins. Co., 649 F.3d 661 (8th Cir. 2011), cited by the court in the summary judgment opinion, the Eighth Circuit has interpreted such language in an identical manner to the court's interpretation in the summary judgment opinion, rendering Affiliated FM's contention that the Eighth Circuit has not directly addressed the issue wholly without merit. Further, in reaching this conclusion, the Eighth Circuit cited Pace favorably. Id. at 673.

Additionally, KAAPA Ethanol, LLC v. Affiliated FM Ins. Co., 660 F.3d 299, 302 (8th Cir. 2011), the case cited by Affiliated FM to show a substantial ground for a difference of opinion, is not inconsistent with the summary judgment opinion. In KAAPA Ethanol, the Eighth Circuit defined an ensuing loss provision as "provid[ing] coverage when an excluded peril leads to loss from an 'independent' non-excluded peril." Id. at 302 n.1. However, in the summary judgment opinion, the court interpreted the effect of the Group I exclusions on the Group II exclusions as requiring exclusion only when the Group II exclusions were the sole cause of the loss. The court sees no inconsistency with interpreting the Group II exclusions to exclude coverage only when the Group II exclusions are the sole cause of the loss and to provide coverage when such exclusions cause independent non-excluded perils.

Accordingly, with respect to the first issue presented, the court denies certification for interlocutory appeal.

The second issue presented by Affiliated FM is:

Whether this Court erred in denying summary judgment because Plaintiffs are charged with constructive knowledge of facts that a reasonable person with insured's actual knowledge should have known, including the fact that at least some loss manifested prior to this Policy's inception and such constructive knowledge is sufficient to render this loss non-fortuitous without regard to whether Plaintiffs should have been aware of or appreciated the specific defects or specific reasons for their loss?

-4-

Affiliated FM maintains that the summary judgment opinion states that "the loss cannot be excluded by the fortuity doctrine or the loss in progress rule without [Affiliated FM] first establishing actual knowledge by [plaintiffs] of facts that would have required them to report the loss under the Policy's notice of loss provisions."  Affiliated FM further maintains that "constructive knowledge is sufficient by itself to render a loss non-fortuitous and in-progress."

In the summary judgment opinion, this court held:

> Accordingly, for summary judgment, Affiliated FM must show that no genuine issue exists regarding whether, prior to the application for or the issuance of Affiliated FM's policy, appreciable damage occurred and plaintiffs knew or should have known about the loss such that a reasonable person would know the policy's notification duty had been triggered.

(Doc. 315 at 9.)

The holding allows Affiliated FM to show fortuitous loss through constructive knowledge as indicated by the phrase "should have known."  Moreover, the court did not require Affiliated FM to show that plaintiffs knew or should have known the specific reasons for the loss but merely that plaintiffs knew or should have known the about the loss such that a reasonable person would know that they had a duty to notify the insurer under the policy.  In other words, the court merely held that Affiliated FM must show actual or constructive knowledge that any damage observed constituted a loss.  In short, the court concludes that the second issue presented raises no disagreement with the court's summary judgment holding.  Accordingly, the court declines to certify the second issue presented for interlocutory appeal.

The third issue presented by Affiliated FM is:

> Whether this Court erred in denying summary judgment because knowledge that this loss was in progress may be imputed to Plaintiffs (owners of premises where they operated elevators) *from employees* of the companies that Plaintiffs engaged pursuant to their non-delegable duty to maintain the elevators operated on those premises properly?

In determining that the non-delegable duty of owners to maintain premises did not impute knowledge of the employees of Archway elevator to plaintiffs, the court noted the lack of authority supporting this proposition and that the non-delegable duty established tort liability rather than the imputation of knowledge.  The court finds a substantial ground for a difference of opinion due to the lack of authority of the issue.

Whether the non-delegable duty imputes knowledge from Archway's employees to plaintiffs is a legal question. Moreover, the imputation of knowledge on this basis would allow Affiliated FM to show that the fortuity doctrine applies without establishing agency or any actual knowledge on behalf of plaintiffs or their employees. Therefore, the court finds that Affiliated FM has presented a controlling question of law and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Accordingly, the court certifies the third issue presented by Affiliated FM for certification.

Defendant Affiliated FM further requests that the court stay the case during the pendency of appeal. Affiliated FM maintains that a ruling in its favor could result in a global resolution. But, even assuming that the Eighth Circuit finds in Affiliated FM's favor, the nature of the Archway employees' knowledge remains disputed. However, a trial date has not yet been reset, and the court recognizes a decision on the certified issue could materially affect trial preparation efforts. Therefore, the court sustains Affiliated FM's request to stay the case during the pendency of appeal.

### III. MOTION OF DEFENDANT TRAVELERS

Defendant Travelers requests relief from the order on the motions for summary judgment under Fed. R. Civ. P. 60(b). Rule 60(b) allows a court on motion to relieve a party from an order from "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." "The application of Rule 60(b) is placed within the sound discretion of the trial court guided by accepted legal and equitable principles in light of all the relevant circumstances." Knox v. Lichtenstein, 654 F.2d 19, 21 (8th Cir. 1981). "Further, the terms 'mistake, inadvertence or excusable neglect' as used in Rule 60(b) encompass judicial error or omission." Id. at 22. "Courts have the power and the duty to correct judgments which contain clerical errors or judgments which have issued due to inadvertence or mistake." Id.

The court's memorandum on the motions for summary judgment stated:

[T]o determine whether Travelers is entitled to summary judgment, the court must decide whether there is a genuine issue of material fact regarding whether an "accident" occurred during the effective dates of the policy.

According to the policy, an "accident" requires a "breakdown", which must be signified by apparent physical damage that requires repair or replacement. As

> stated above, the elevator breakdown leading to a prolonged loss of service occurred on November 21, 2003, and the effective dates of the policy are August 4, 2002 to August 3, 2003. (Doc. 182-1 at 1; Doc. 264-16 at 1.) However, service tickets also indicate numerous breakdowns that required repair or replacement occurred prior to November 11, 2003 during the effective dates of the policy. (Doc. 228-42.) Travelers does not address the argument that these earlier breakdowns could qualify as an accident, and the court finds that the issue is a genuine issue of material fact.

(Doc. 315 at 15.)

Travelers argues that the only arguable accident regarding the elevator occurred on November 21, 2003. Under the Travelers policy, "'Accident' means a sudden and accidental breakdown of the 'object.' At the time the breakdown occurs, it must become apparent by physical damage that requires repair or replacement of the "object" or part of the 'object.'" (Doc. 182-1 at 24-25.) Reconsidering this definition, the court remains convinced that the breakdowns evidenced by the service tickets could also constitute accidents as defined in the Travelers policy. Moreover, such breakdowns may evidence that the elevator issues resulting in its November 2003 decommission began during the effective dates of the Travelers policy. Put another way, the issues of if and when the condition rendering the elevator unusable rose to the level of a breakdown or accident remain questions of material fact.

Next, Travelers argues that if the service tickets represented breakdowns and the breakdowns were accidents under the policy, then plaintiffs repaired the breakdowns as evidenced by the service tickets. Therefore, Travelers argues, plaintiffs had no claim under its policy with Travelers. Although the service tickets evidence that plaintiffs repaired the elevator breakdowns, the fact that plaintiffs removed the elevator from commission a mere three months later after the expiration of the Travelers policy evidence the ineffectiveness of such repairs, or stated otherwise, that the elevator breakdowns were not repaired. Thus, whether plaintiffs repaired the elevator breakdowns during the effective dates of the Traveler's policy remains a dispute issue of material fact.

Additionally, Travelers argues that plaintiffs knew of the breakdowns during Traveler's policy period and did not notify Travelers of any claim until about four years later, which constitutes unreasonable delay barring any claim of plaintiffs. However, as noted in the court's order on the motions for summary judgment, a determination of unreasonable delay requires consideration of timeliness and prejudice, both of which are questions of fact under Missouri

law.  (Doc. 315 at 15 (citing  Weaver v. State Farm Mut. Auto. Ins. Co., 936 S.W.2d 818, 821 (Mo. 1997); Tresner v. State Farm Ins. Co., 913 S.W.2d 7, 14 (Mo. 1995); Tuterri's, Inc. v. Hartford Steam Boiler Inspection & Ins. Co., 894 S.W.2d 266, 269 (Mo. Ct. App. 1995)).)

In sum, the court finds that the date or occurrence of the accident, whether breakdowns prior to November 21, 2003 were effectively repaired, and whether plaintiffs unreasonably delayed notification are disputed issues of material fact.  Accordingly, Travelers motion for relief under Fed. R. Civ. P. 60(b) is denied.

Defendant Travelers moves for certification for interlocutory appeal on two issues.  The first issue is:

> Whether this Court erred in denying Travelers' summary judgment based on the fact that at least some loss manifested prior to Travelers' Policy's inception and, because Plaintiffs possessed constructive knowledge of facts a reasonable person with their actual knowledge should have known, said constructive knowledge renders this loss non-fortuitous?

Travelers raises no question of law.  As reflected in the court's opinion on the motions for summary judgment, assuming that some loss manifested prior to the issuance of the Travelers policy, plaintiffs' actual or constructive knowledge of that loss would bar plaintiffs' claim for that loss.  (Doc. 315 at 9, 17.)  Stated otherwise, Travelers statement that "the Court's Order finds that actual knowledge of Plaintiff is required for the fortuitous loss or in progress doctrines to apply" is without merit.  Rather, the court denied Travelers' Second Motion for Summary Judgment in part because "the actual or constructive knowledge of plaintiffs and Archway and the existence of an agency relationship are disputed issues." (Id. at 17.)

Additionally, the issue presented by Travelers assumes facts that remain disputed.  The fortuity doctrine bars insurance claims when the insured had actual or constructive knowledge of the manifestation of the loss prior to the issuance of a policy.  United Capitol Ins. Co. v. Hoodco, Inc., 974 S.W.2d 572, 574 (Mo. Ct. App. 1998).  Manifestation is defined as "that point in time when appreciable damage occurs and is or should be known to the insured, such that a reasonable insured would be aware that his notification duty under the policy has been triggered."  John Q. Hammons Hotels, Inc. v. Factory Mut. Ins. Co., 2003 WL 24216814, *5 (W.D. Mo. 2003).  As set forth above, the date and occurrence of the accident, or appreciable damage alleged by plaintiffs remain disputed issues of material fact.  Moreover, plaintiffs' actual or constructive knowledge of the loss and whether such knowledge would cause a reasonable

person to know such knowledge triggered the duty to notify the insurer also remain disputed issues of material fact.

Because Travelers raises no question of law, the court denies certification for interlocutory appeal with respect to the first issue presented.

The second issue presented by Travelers' motion is:

> Whether this Court erred in denying Travelers' summary judgment because knowledge that this was a loss in progress can be imputed to Plaintiffs from employees of the companies hired by Plaintiffs pursuant to their non-delegable duty to properly maintain the elevators operated on the premises.

This issue mirrors the issue raised by defendant Affiliated FM. For the same reasons, the court grants certification of the issue for interlocutory appeal.

## IV. CONCLUSION

For the reasons stated above, the court certifies that the questions stated below involve controlling questions of law as to which there is substantial ground for a difference of opinion and an immediate appeal from this court's Memorandum and Order Regarding Motions on Dispositive Matters (Doc. 315) may materially advance the ultimate termination of this litigation. 28 U.S.C. § 1292(b). Therefore,

**IT IS HEREBY ORDERED** that the motion of defendant Affiliated FM Insurance Company for interlocutory appeal certification or reconsideration (Doc. 317) is sustained in part and denied in part. The court certifies defendant Affiliated FM Insurance Company's question of:

> Whether this Court erred in denying summary judgment because knowledge that this loss was in progress may be imputed to Plaintiffs (owners of premises where they operated elevators) from employees of the companies that Plaintiffs engaged pursuant to their non-delegable duty to maintain the elevators operated on those premises properly.

**IT IF FURTHER ORDERED** that the motion of defendant Travelers Property Casualty Company of America for interlocutory appeal certification (Doc. 327) is sustained in part and denied in part. The court certifies defendant Travelers Property Casualty Company of America question of:

> Whether this Court erred in denying Travelers' summary judgment because knowledge that this was a loss in progress can be imputed to Plaintiffs from

employees of the companies hired by Plaintiffs pursuant to their non-delegable duty to properly maintain the elevators operated on the premises.

**IT IS FURTHER ORDERED** that this case is stayed during the pendency of interlocutory appeal.

                                                    /S/   David D. Noce
                                        **UNITED STATES MAGISTRATE JUDGE**

Signed on December 12, 2013.