UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LLOYD'S ACCEPTANCE CORP., d/b/a | ) | |
| LLOYD'S DEVELOPMENT COMPANY, | ) | |
| and | ) | |
| AFFORDABLE COMMUNITIES OF | ) | |
| MISSOURI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:05 CV 1934 DDN |
| | ) | |
| AFFILIATED FM INSURANCE COMPANY, | ) | |
| and | ) | |
| TRAVELERS PROPERTY CASUALTY | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on the motions of defendants Travelers Property Casualty Company of America (Doc. 353) and Affiliated FM Insurance Company (Doc. 355) to bifurcate the jury trial of this action. The court heard oral argument on the motions on August 26, 2014.

Defendants seek an order that the trial proceed in two phases. In the first phase, the issues of coverage under the two insurance policies issued by the defendants would be tried; the second phase would try the issue of vexatious refusal to pay.

Federal Rule of Civil Procedure 42(b) authorizes the court to sever claims for separate trials in the interest of convenience, the avoidance of prejudice, and the expediting and economizing of proceedings. From the court's understanding of this case and from the statements of counsel, the issues of coverage and vexatious refusal to pay that will be presented to the jury are complex and the relevant evidence may require extensive cautionary instructions. Plaintiffs argue in part that conduct of the voir dire questioning of venire panel will be awkward. The court disagrees. The sees no reason counsel may not question the prospective jurors about all issues related to the claims to coverage and to the claim of vexatious refusal to pay in a fashion that does not prejudice any party. The proper language to be used in voir dire will be an appropriate topic for discussion in the final pretrial conference.

The court concludes that bifurcating the issues of coverage (Phase 1) and vexatious refusal to pay (Phase 2) will avoid unnecessary complexity in the submission of the case to the jury. Justice will be best served, if the case proceeds before the jury in these two phases.

Further, as discussed in the hearing, the court has concluded that the issues of the amounts of any attorneys' fees and the application of a statutory penalty, under Revised Statute of Missouri § 375.420 be submitted to the court following the return of the jury's findings. R.S.Mo. § 374.420.

Therefore,

**IT IS HEREBY ORDERED** that the motions of defendants to bifurcate the issues of insurance coverage from the issue of vexatious refusal to pay (Docs. 353, 355) are sustained.

**IT IS FURTHER ORDERED** that the final pretrial conference is reset from October 2, 2014, to October 7, 2014 at 9:00 a.m.

**IT IS FURTHER ORDERED** that, when the parties file their papers complying with the court's pretrial scheduling order, the parties shall identify separately as to Phase 1 and Phase 2 the witnesses whose testimony and the exhibits which "will be" and "may be" offered.

**IT IS FURTHER ORDERED** that, prior to filing motions in limine that object to witnesses and exhibits, counsel for the parties confer in an effort to settle potential objections.

_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 8, 2014.